UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————x   CASE NO.: 25-11391-dsj

In re:

MELANIE POWELL

          Debtor,   **MOTION FOR LEAVE TO APPEAL**

———————————————————x

## DEBTORS MOTION FOR LEAVE TO APPEAL

PLEASE TAKE NOTICE, that upon the annexed affidavit of Melanie L. Powell dated August 1 2025, the exhibits attached thereto, including the decision by this court entered on July 24, 2025, an all of the other papers and proceedings heretofore had herein will move this court for an order granting the Debtor MELANIE L. POWELL leave to appeal to appeal to Bankruptcy Appellant Panel pursuant to Federal Rules of Bankruptcy Procedure Rule 8004. Leave to Appeal from an Interlocutory Order or Decree Under 28 U.S.C. §158(a)(3) and granting such other and further relief as to this court deems just and proper.

Dated: August 1, 2025

                                                *Melanie-Lynn: Powell*

                                                Melanie-Lynn: Powell, All Rights Reserved

To: HERTZ, CHERSON & ROSENTHAL, PC.
118-35 Queens Boulevard 9th Floor
Forest Hills, New York, 11365

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x    CASE NO.: 25-11391-dsj

In re::
MELANIE POWELL
               Debtor,         DECLARATION IN SUPPORT

---------------------------------------x

STATE OF NEW YORK    )
                            ) s.s.:
COUNTY OF BRONX     )

I, Melanie Lynn Powell, declare, and state as follows:

## STATEMENT OF FACTS

1. I am Melanie-Lynn: Powell is living human and the living beneficiary to the (ens legis) debtor in this in the above styled action.

2. Debtor currently resides at the subject premises 2401 DAVIDSON AVENUE APARTMENT 6G, Bronx, NY with COURTNEY MANLEY (COURTNEY) and EMANI POWELL (EMANI)

3. Melanie-Lynn: Powell, Declarant benefits from and consumes the subject premises referenced above.

4. Several years ago I entered a residential lease agreement with 2401 DAVIDSON ASSOCIATES LLC. (DAVIDSON).

5. That soon after receiving the first statement from a DAVIDSON, re to the household consumer debt, DAVIDSON received a Private International Remedy Demand (PIARD).

6. The PIARD, contained offer for payment in the amount that the alleged sent was purported to the at the time, $4700, as a Debt Disclosure Request Pursuant 15 U.S.C 1692g.

7. DAVIDSON was informed and notified that that acceptance or refusal of the instrument resulted in discharge of debt pursuant Uniform Commercial Code 3-603.

8. DAVIDSON was informed and notified that failure to provide verification of the purported debt will violate federal law.

9. That in the midst of the this private administrative DAVIDSON alleged hired

Page 2

3  HERTZ, CHERSON & ROSENTHAL, PC., (HERTZ) to collect the alleged debt.
4  10. Sometime soon after I was summoned to appear at Bronx County Housing
5  Court, thereafter State court for trial.
6  11. After litigation DAVIDSON elected to apply funds the RHINO insurance
7  to pay the debt.
8  12. Several months later I received a Lease Renewal application from
9  DAVIDSON.
10  13. That shortly after receiving the lease renewal DAVIDSON received
11  (second) presentment.
12  14. This presentment contained a commercial draft in the amount of $59,000.
13  15. DAVIDSON to the time of this writing is in possession of the draft.
14  16. Several weeks after this event transpired, DAVIDSON allegedly hired
15  HERTZ, CHERSON & ROSENTHAL, PC., (HERTZ) to collect the alleged debt.
16  17. I was summoned to the Bronx County Housing Court.
17  18. After some opening arguments, the case was assigned to trial.
18  19. Immediately after receiving notice of the assignment DAVIDSON
19  voluntarily withdrew its case.
20  20. Approximately fourteen month after I was summoned to Bronx's state court
21  for trial.
22  21. After a one day trial the judge ruled in favor of DAVIDSON.
23  22. That in the interim, HERTZ, received yet refused payment $50,000.
24  23. That in the interim, DAVIDSON, received and kept payment of over
25  $78,000.
26  24. I petitioned for chapter 7 bankruptcy on June 24, 2025 and was granted
27  automatic stay.
28  25. On or about July 7, 2025 I received notice for A Motion To Lift Automatic
29  Stay from DAVIDSON by and through its counsel.
30  26. On July 11,, 2025 I submitted an affidavit in opposition to DAVIDSONS
31  Motion.
32  26. On July 23, 2025, I appeared before Judge Jones.
33  27. On July 24, 2025, I received by email, the Judge Jones was granting
1  DAVIDSON's petition to lift the automatic stay.
4  28. On July 25, 2025, I submitted a Motion for Reconsideration to in person to
5  the bankruptcy located One Bowling Green.

## GROUNDS

29. Through investigation, I believe and therefore alleges that DAVIDSON waived its rights as creditors when DAVIDSON defaulted on the first PIARD.

30. Through investigation, I believe and therefore allege that DAVIDSON is not not the holder in due course of the alleged debt when DAVIDSON submitted its Motion To Lift Automatic Stay.

31. Through investigation, I believe and therefore allege that DAVIDSON violated Bankruptcy code when it continued its attempts to collect during the Stay.

32. Through investigation, I believe and therefore allege that DAVIDSON didn't have jurisdiction to submit its Motion into court.

33. Through investigation, I believe and therefore allege that Judge Jones didn't have jurisdiction to make his decision.

34. Through investigation, I believe and therefore allege that DAVIDSON procured jurisdiction every step of the was from the county, state and federal by using deception and fraudulently concealing material facts.

35. That Judge Jones erred in his decision when over looked the fact in my Affidavit.

36. That although DAVIDSON received my affidavit a full week before the hearing yet chose to ignore it.

38. That if the court grants my application for appeal the damaged done to the ENS LEGIS 2401 DAVIDSON, will be negligible.

39. That if the denies this appeal the harm to me the living human will catastrophic.

## QUESTIONS

39. If a party(ies) such as DAVIDSON and HERTZ consistently violate Fair Debt Collections Practices Act, can they be entitled to receive favor from the courts?

40. If a party(ies) such as DAVIDSON and HERTZ consistently Bankruptcy Code, are they entitled to favor from the courts?

41. If a opposing party fails to rebut an affidavit, is the statements and claims in the unrebutted admitted?

42. If a party such as DAVIDSON received and kept payments yet fail to

Page 4

ledger them into the books account, would be considered theft?

43. If party(ies) such as DAVIDSON and HERTZ procure jurisdiction by means of deception and fraud are they entitled to favor from the courts?

### RELIEF SOUGHT

44. Based on the foregoing facts I move the court for leave to file an appeal.

45. I request Stay on any and all orders pending the appeal, or what this court deems just and proper.

_melanie-Lynn: Powell_
Melanie-Lynn: Powell, All Rights Reserved

Sworn To Before Me This

_1_ day of _August_, 2025

_Juan Mora_
Notary Public

> JUAN MORA
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01MO6030541
> Qualified in Bronx County
> Commission Expires September 13, 2025

The request for leave to appeal is hereby GRANTED. The Clerk of Court is respectfully directed to close the motion pending at Docket 2.

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Date: August 13, 2025